LOUIS G. NEOFOTISTOS, administrator, *vs.* TRUSTEES OF NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Middlesex. November 10, 1950. — January 4, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Railroad*, Grade crossing. *Negligence*, Invited person, Grade crossing.

A finding, that the operator of a motor truck had the status of an invitee of a railroad at the time of a collision between the truck and a locomotive on a grade crossing of a private way with the railroad track as to which no "rights of way . . . [were] reserved in any deed and no agreement . . . [was] believed to exist," was not warranted by evidence showing merely that the way was a narrow, little used, dirt road running across a farm bisected by the track, that the crossing was planked, and that at the crossing was a sign bearing the initials of the railroad's name and a notice "Private Crossing   Dangerous   Look out for Trains."

TORT. Writ in the Superior Court dated October 3, 1945. The action was tried before *Warner*, J.

*G. C. Eliades*, for the plaintiff.

*N. W. Deering*, for the defendants.

COUNIHAN, J. On November 4, 1944, a clear dry day, at about 12:30 P.M. the plaintiff's intestate, Peter Neofotistos, while operating a motor truck on a way in Lowell, was in collision with an engine operated by the defendants at a place on this way where a track of the defendants crossed at the same level. He suffered injuries from which he died. The action is one of tort and the declaration contained six counts, one of which, the sixth, was waived at the trial.

Counts 1 and 4 sought recovery for death and conscious suffering, respectively, because of negligence of the defendants at a place on a *public way* where a track of the defendants crossed at the same level, presumably under G. L. (Ter. Ed.) c. 229, §§ 3, 6, as amended. Counts 2 and 5 sought recovery for death and conscious suffering, respectively, because of negligence of the defendants at a place on a *way* where a track of the defendants crossed at the same level, presumably under the same statute. Count 3 sought damages for death and conscious suffering because of the defendants' neglect to give signals as required by G. L. (Ter. Ed.) c. 160, § 138.

At the close of the evidence upon motion the judge directed verdicts for the defendants on counts 1 and 4 subject to the exceptions of the plaintiff. Counts 2, 3, and 5 were submitted to the jury and verdicts for the plaintiff were received under leave reserved. Thereafter on motion the judge entered verdicts for the defendants, subject to the exceptions of the plaintiff.

In his brief the plaintiff has not argued his exceptions to the action of the judge on counts 1 and 4, and we therefore treat as waived these exceptions which in any event had no merit because there was no evidence that this grade crossing was on a *public way*. The plaintiff apparently abandoned the allegation that this crossing was on a public way, for it was characterized in the bill of exceptions and in the plaintiff's brief as on a *private way*.

We must likewise treat as waived the exception of the plaintiff to the action of the judge on count 3 because, while he asserted that the defendants neglected to give signals presumably as required by G. L. (Ter. Ed.) c. 160, § 138, he did not argue this point in his brief or before us. This exception had no merit either, for the plaintiff in effect admitted that this crossing was not on a *public way* and he made no allegation and offered no evidence tending to show that this accident happened at a travelled place where signals were required under the statute.

There remain for our consideration the exceptions to the

action of the judge on counts 2 and 5. There was no evidence,. and the plaintiff rightly does not contend otherwise, of wilful or wanton conduct by the defendants. He relies upon the use of the crossing by the decedent pursuant to an invitation of the defendants, express or implied. He argues that the defendants owed a duty to the decedent as an invitee and that the defendants negligently failed in that duty, as a result of which the decedent suffered injuries from which he died.

On this issue on evidence most favorable to the plaintiff the jury could warrantably have found no more than the following: The decedent, accompanied by one Stokes, was operating the truck, with a load of refuse mash and hops, on a dirt road on the city farm of Lowell. This road was about eight to ten feet wide, "just wide enough for one vehicle," and ran from Chelmsford Street, a public way in Lowell, across the farm in a winding manner to a dump on the farm where he intended to unload. The road ran in a westerly direction and turned sharply in a southerly direction about fifty feet from the track. Parallel with the track and about twenty feet northwesterly of it was a concrete wall about two hundred feet long and seven feet high with a wing of the same height extending from the westerly end of the wall at a right angle for about twelve feet. The road ran around this wing about five feet from it and crossed the railroad track at grade, continuing on to the dump. This track extended between Lowell and Framingham and bisected the farm. As the decedent approached the track he had an unobstructed view of it for a considerable distance except where it was cut off by the wall. When he made the turn in the road the crossing was in plain view. Facing the front of the truck on the right side of the road as he made the turn was a sign elevated on a post which read "Private Crossing Dangerous Look out for Trains N.Y. N.H. & H. R.R." The decedent had used this road and crossing prior to the day of the accident. The decedent slowed down as he was making the turn in the road and came to a stop at the corner of the wall. He started up and proceeded to

drive over the crossing. When the front end of the truck was about two feet on the track, it was struck by the engine which came from the left. The engine was going about twenty to twenty-five miles an hour and Stokes heard no sound or whistle from it. The decedent was using the road and the crossing with the implied authority of the superintendent of the farm. The crossing was covered with planking. The only evidence as to the use of the crossing was from the city engineer of Lowell who testified that he knew of its existence because he had used it within five or six years before the day of the accident for hauling fill and gravel. There was no evidence to show when, by whom, or for whose benefit it was first laid down, or for whose benefit it was maintained at the time of the accident. It appeared from the defendants' answers to the plaintiff's interrogatories which the plaintiff introduced, and by which he is bound because no evidence was offered to contradict them, that the defendants had no knowledge of the exact time or by whom the planking was placed or replaced. The plaintiff is also bound by the answer to the plaintiff's interrogatory that "No rights of way are reserved in any deed and no agreement with respect to any crossing at this point is believed to exist."

There was no error in the action of the judge in entering verdicts for the defendants on counts 2 and 5. We are of opinion that on the evidence the jury could not properly have found that the decedent was an invitee. It is patent that there was no express invitation of the defendants to the decedent to use this crossing. It is equally true that the evidence does not support the plaintiff's contention that there was an implied invitation or inducement held out by the defendants to the decedent to use this crossing. This was a dirt road only wide enough for one vehicle and led to nowhere except the dump on the farm. The appearance of the road and the crossing as shown by the photographs in evidence indicates that the road was partly covered with grass and weeds and obviously little used.

The photographs do not disclose that the crossing had the

appearance of a public way or that it was anything more than a country crossing rather than an ordinary railroad crossing.

All the evidence points to passive acquiescence in the use of the crossing and no invitation. In all respects this case is indistinguishable from comparatively recent decisions of our court. *Couto* v. *Trustees of New York, New Haven & Hartford Railroad,* 312 Mass. 23, 26–27. *McCarthy* v. *Boston & Maine Railroad,* 319 Mass. 470, 472–473. *Guertin* v. *Trustees of New York, New Haven & Hartford Railroad,* 322 Mass. 91, 94. It is distinguishable from *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, because of the appearance of this crossing and the absence of any evidence that the defendants attempted to direct the decedent across it, or undertook to protect the crossing and then failed to do it.

The plaintiff cannot avail himself of any implied invitation of the superintendent of the farm to the decedent to use the crossing. *Sypher* v. *Director General of Railroads,* 243 Mass. 568, 571.

*Exceptions overruled.*